UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:05CV-140-R

**BORIS NICHOLAEVICH SKUDNOV**                                    **PLAINTIFF**

v.

**HOUSING AUTHORITY OF BOWLING GREEN**                            **DEFENDANT**

### OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for extension of time to file a notice of appeal (DN 41), Plaintiff's motion for discovery (DN 42), Plaintiff's motion to proceed *in forma pauperis* on appeal (DN 40), and attorney John Valentine's motion to withdraw as counsel of record for Plaintiff (DN 43). The Court will address each motion below.

### I. Motion for Extension of Time to File Notice of Appeal

Both Federal Rule of Appellate Procedure 4(a) and Federal Rule of Civil Procedure 60(b) allow the district court, in limited circumstances, to either extend or reopen the time to file an appeal. The Court will each below.

**A.      Fed. R. App. P. 4(a)**

Under Rule 4(a)(5), the district court may extend the time to file a notice of appeal, if a party (1) moves for extension "no later than 30 days after the [30 days after entry of judgment] prescribed by this Rule 4(a) expires" or, in other words, moves for extension no later than 60 days after entry of the judgment; and (2) "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i) and (ii).

Here, the Court entered summary judgment in favor of Defendant on November 16, 2006. By not filing the motion for an extension of time to file a notice of appeal until July 17, 2007,

Plaintiff has failed to file a timely request for extension of time in which to file an appeal.

If three conditions are satisfied, Rule 4(a)(6) permits the district court to "reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered." Those conditions are:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)[1] of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; **and**
>
> (C) the court finds that no party would be prejudiced.

*Id.* (emphasis added)

The Court's November 16, 2006, Order granting Defendant summary judgment indicates that it was mailed to Plaintiff's counsel, and Plaintiff fails to allege that he did not receive notice from his counsel of the Court's entry of judgment. Moreover, Plaintiff did not file the instant action within 180 of the entry of judgment. As such, Plaintiff may not invoke Rule 4(a)(6) to reopen the time for appeal.

**B.    Fed. R. Civ. P. 60(b)**

In certain circumstances "a district court may employ Rule 60(b) to permit an appeal outside the time constraints of Fed. R. App. P. 4(a)(5)." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). To warrant relief under Rule 60 a party must first "show that its case comes

---

[1] Under Rule 77(d), "Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry . . . upon each party who is not in default for failure to appear, and shall make a note in the docket of the service." Fed. R. Civ. P. 77(d). However, "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." *Id.*

within the provisions of the Rule." *Id.* According to Rule 60(b) of the Federal Rules of Civil

Procedure,

> On motion . . the court may relieve a party . . . from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff simply asks for an extension of time without providing any justification or support for his request. As such, he has not shown that his request falls within any of Rule 60(b)'s provisions.

Plaintiff has not complied with the time limits for seeking an extension of time to file an appeal and has failed to present the Court any facts or circumstances that would warrant reopening the time to file an appeal. Accordingly, Plaintiff's motion for an extension of time to file a notice of appeal (DN 41) is **DENIED**.

## II. Motion for Discovery

Plaintiff has filed a letter-style document that recounts the facts and circumstances of his original action against Defendant. He closes the letter by stating, "I want to make a request and ask court to help me get copies of the contract documents. So far administration of the HA refused to do so. I don't believe in a fairy tale that the old copies are lost. . . . If in case they lost my contract, they can find papers from other residents who lived there for last 10 years. Their paperwork can be a good example." The Court granted Defendant summary judgment over six months ago, and discovery in this case has long been closed. As such, Plaintiff's motion for

discovery (DN 42) is **DENIED.**

### III.  Motion to proceed *in forma pauperis* on appeal

Because the Court has denied Plaintiff's request for belated appeal, the Court finds that an appeal would be frivolous and, therefore, not taken in good faith.  Accordingly, Plaintiff's motion to proceed *in forma pauperis* on appeal (DN 40) is **DENIED**.

### IV.  Attorney Valentine's Motion to Withdraw

In support of his motion to withdraw as counsel of record for Plaintiff, Mr. Valentine states that he "has not been retained to represent the Plaintiff for any appellate matters and does not intend to represent the Plaintiff on any such matters."  Mr. Valentine further certifies that he served a copy of his motion to withdraw on Plaintiff.  Accordingly, pursuant to LR 83.6(b), Mr. Valentine's motion to withdraw (DN 43) is **GRANTED.  The Clerk of Court is directed to remove Mr. Valentine as counsel of record for Plaintiff and remove him from the electronic distribution list in this action.**

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record
        John Valentine, 1009 S. Fourth Street, Barristers Hall, Louisville, KY 40203