**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:05CV-140-R**

**BORIS NICHOLAEVICH SKUDNOV**                                                            **PLAINTIFF**

v.

**HOUSING AUTHORITY OF BOWLING GREEN**                                      **DEFENDANT**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion for leave to file a belated appeal (DN 49), which the Court construes as a Fed. R. Civ. P. 59(e) motion to alter or amend the Court's August 6, 2007, Order denying Plaintiff's motion for an extension of time to file a belated appeal, and Plaintiff's second motion to proceed *in forma pauperis* on appeal (DN 50). The Court will address each motion below.

**A.      Fed. R. Civ. P. 59(e) Motion**

The Court entered summary judgment in favor of Defendant on November 16, 2006. Plaintiff did not file his request for an extension of time to file a notice of appeal until July 17, 2007. As such, in denying Plaintiff's original motion the Court concluded that Plaintiff had failed to file a timely request for an extension of time to appeal. *See* Fed. R. App. P. 4(a)(5)(A)(i) and (ii). The Court also concluded that it could not reopen the time to file an appeal pursuant to Fed. R. App. P. 4(a)(6) because Plaintiff did not allege in his motion that he did not receive notice of the entry of judgment. In the instant motion, Plaintiff now claims that his attorney failed to notify him of the summary judgment Order or the time limits for pursuing an appeal. Even if this is true, however, the Court's prior Order must stand. Rule 4(a)(6) permits the district court to "reopen the time to file an appeal for a period of 14 days after the

date when its order to reopen is entered" only if three conditions are satisfied:

>    (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)[1] of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
>    (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; **and**
>
>    (C) the court finds that no party would be prejudiced.

*Id.* (emphasis added). Even if Plaintiff failed to receive notice of the Court's Order as he alleges, his motion for belated appeal was filed 243 days after entry of judgment. Thus, Plaintiff cannot satisfy the second requirement necessary for the Court to reopen the time for appeal under Rule 4(a)(6).

As previously noted by the Court, in certain circumstances "a district court may employ Rule 60(b) to permit an appeal outside the time constraints of Fed. R. App. P. 4(a)(5)." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). To warrant relief under Rule 60, a party must first "show that its case comes within the provisions of the Rule." *Id.* According to Rule 60(b) of the Federal Rules of Civil Procedure,

>    On motion . . the court may relieve a party . . . from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable

---

[1] Under Rule 77(d), "Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry . . . upon each party who is not in default for failure to appear, and shall make a note in the docket of the service." Fed. R. Civ. P. 77(d). However, "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." *Id.*

that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

While Plaintiff claims that his attorney, Mr. Valentine, did not inform him that summary judgment had been entered by the Court, he attaches a letter to his motion from the Becker Law Office which clearly shows that he became aware in January 2007 that the Court had entered summary judgment in favor of Defendant:

> I reviewed the documents you gave me regarding your claim against the Housing Authority of Bowling Green. My associate spoke to your counsel, Mr. Valentine. Unfortunately, the federal judge granted the City's motion for summary judgment and your case has been dismissed.

Jan. 5, 2007 letter from Kevin J. Renfo to Boris Skudnov. However, after learning this information Plaintiff waited over six months to seek any relief from the Court.

Plaintiff also states in his motion that:

> Before my case came to its ended, I turned power of attorney to my younger son Stan Skudnov. I was required to go back to Russia due to family emergency. My immediate presence was required, after being informed of the disposal of my mother and ex-wife's grave because of them not being properly maintained. Another emergency was due to my present wife filing a divorce because of my long term absence.

(DN 49). Hospital records submitted by Plaintiff, however, show that he was back in the United States in February 2007. While it certainly appears that a number of misfortunes have been visited upon Plaintiff in the last several months, the Court must remain mindful that the time limits on belated appeals are designed to protect the finality of judgments and provide the litigants with a measure of peace that their judgments will not be disturbed or set aside at some remote time in the future. Plaintiff was able to communicate with another lawyer about his case within the 180-day time limit and could have also petitioned the Court at that time for the relief he now seeks. He did not do so, however, and the Court sees no reason to excuse his delay by

reopening the period under Fed. R. Civ. P. 60.

Accordingly, Plaintiff's Fed. R. Civ. P 59(e) motion to alter or amend (DN 49) is **DENIED.**

## B. Motion to Proceed *In Forma Pauperis* on Appeal

Plaintiff previously sought permission from this Court to proceed *in forma pauperis* on appeal (DN 40), which this Court denied after finding that an appeal would not be taken in good faith (DN 47). Consequently, **IT IS ORDERED** that Plaintiff's motion to proceed *in forma pauperis* on appeal (DN 50) is **TRANSFERRED** to the Sixth Circuit Court of Appeals for consideration. *See* Fed. R. App. P. 24(a)(5) ("A party may file a motion to proceed on appeal *in forma pauperis* in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4).")

Date:

cc: Plaintiff, *pro se*
 Counsel of Record
 Clerk, Sixth Circuit Court of Appeals (Case Number 07-5927)

4413.008